**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BOARD OF REGENTS, THE UNIVERSITY OF TEXAS SYSTEM** | § | |
| **Plaintiff,** | § | **Civil Action No. 1:13-cv-411** |
| **v.** | § | |
| **BEST MEDICAL INTERNATIONAL, INC.** | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |

## COMPLAINT

**The Parties**

1. Board of Regents, The University of Texas System (hereinafter "Plaintiff" or "UTS") is an institute of higher education organized and existing under the laws of Texas, having a place of business at 201 West 7th Street, 7th Floor, Austin, Texas 78701.

2. Upon information and belief, Defendant Best Medical International, Inc. aka Best Nomos ("Defendant") is a company with its principal place of business at One Best Drive, Pittsburgh, PA 15202.

**Jurisdiction and Venue**

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338 because this action for patent infringement arises under the Patent Laws of the United States, Title 35 of the United States Code.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## GENERAL AVERMENTS

**Plaintiff's Patent Rights**

5. UTS invented systems and methods for positioning treatment tables for radiation therapy. These systems and methods are set forth in U.S. Patent No. 6,152,599 ("the '599 Patent") and United States Patent No. 6,634,790 ("the '790 Patent"), collectively referred to as the "Patents."

6. The '599 Patent was duly and legally issued and is directed to UTS' system and methods for positioning treatment tables for radiation therapy. *See* **Exhibit A**.

7. The '790 Patent was duly and legally issued and is directed to UTS' system and methods for positioning treatment tables for radiation therapy. *See* **Exhibit B**.

8. UTS is the owner of all rights in and to the Patents.

**Defendant and its Infringing Activities**

9. Defendant is in the business of making, having made, using, selling, offering for sale, and/or importing various types of systems for positioning treatment tables for radiation therapy. *See* **Exhibit C**.

10. Defendant offers to sell and/or sells its infringing systems for positioning treatment tables for radiation therapy in the state of Texas and this district.

11. Defendant teaches infringing methods for positioning treatment tables for radiation therapy in the state of Texas and this district.

12. The activities of Defendant are and have been without authorization from UTS.

## COUNT I - PATENT INFRINGEMENT

13. UTS repeats and realleges each and every allegation contained in Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. This cause of action arises under the Patent Laws of the United States, Title 35, United States Code.

15. Defendant has infringed and continues to infringe the Patents under 35 U.S.C. § 271 *et seq*. This infringement was and is willful and intentional.

16. Defendant has, without authority, consent, right or license, and in direct infringement of the Patents, made, used, sold, offered to sell, and/or imported products in this country, and, upon information and belief, such products have been offered for sale, sold, and used in the state of Texas and this district.

17. Defendant's infringing conduct is willful, intentional, and unlawful and, upon information and belief, will continue unless enjoined by this Court.

**COUNT II - INDUCEMENT OF PATENT INFRINGEMENT**

18. UTS repeats and realleges each and every allegation contained in Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. This cause of action arises under the Patent Laws of the United States, Title 35, United States Code, in particular under 35 U.S.C. § 271(b).

20. Defendant has, in this country, actively and/or intentionally induced others to use products that infringe the Patents, and, upon information and belief, have induced others to use products that infringe the Patents in the state of Texas and in this district.

21. Defendant's infringing conduct is willful, intentional, and unlawful and, upon information and belief, will continue unless enjoined by this Court.

**COUNT III - CONTRIBUTORY PATENT INFRINGEMENT**

22. UTS repeats and realleges each and every allegation contained in Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. This cause of action arises under the Patent Laws of the United States, Title 35, United States Code.

24. Defendant is furthermore liable for contributory infringement, pursuant to 35 U.S.C. § 271(c), in that Defendant has made, imported and/or sold within the United States a component of a patented machine, manufacture, composition, combination, or system, and/or a material or apparatus for use in practicing a patented process, including a material part of the invention, knowing the same to be especially made or adapted for use in the infringement of the Patents and not a staple article or commodity of commerce suitable for substantial non-infringing use, and, upon information and belief, have done such activities in the state of Texas and in this district.

25. Defendant's infringing conduct is willful, intentional, and unlawful and, upon information and belief, will continue unless enjoined by this Court.

**DAMAGES**

26. UTS repeats and realleges each and every allegation contained in Paragraphs 1 through 25 of this Complaint as if fully set forth herein. UTS has suffered, is suffering, and will continue to suffer irreparable harm and injury as a result of Defendant's aforesaid activities. Defendant will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to UTS' irreparable damage. UTS' remedy at law is not adequate to compensate it for the injuries suffered and threatened. By reason of Defendant's acts complained of herein, UTS has suffered monetary damages in an amount that has not yet been determined.

**REQUEST FOR JURY TRIAL**

27. UTS hereby demands that this cause be tried by a jury.

**PRAYER**

28. WHEREFORE, UTS demands:

A. That Defendant and its agents, officers, directors, employees, servants, representatives, customers, privies, successors and assigns, and all holding by, through or under

Defendant, and all those acting for or on the behalf of Defendant, or in active concert, participation, or combination with Defendant, be enjoined and restrained, immediately and preliminarily (*i.e.*, a temporary restraining order, preliminary injunction, and/or permanent injunction as deemed appropriate by the Court), during the pendency of this action and permanently thereafter from, in the United States:

(1) making, using, offering to sell, selling and/or importing the infringing products, or any colorable imitation thereof,

(2) inducing others from infringing the Patents, and/or contributing to the infringement of the Patents by others; and

(3) otherwise infringing upon the Patents;

B. That this Court order Defendant and its agents, officers, directors, employees, servants, representatives, customers, privies, successors and assigns, and all holding by, through or under Defendant, and all those acting for or on the behalf of Defendant, or in active concert, participation, or combination with Defendant, to deliver up to this Court, and to permit the seizure by Officers appointed by the Court of all articles and materials infringing upon the rights of UTS, and particularly, without limitation, all products and materials which embodies or includes the infringing products and materials, and to be delivered up for destruction on the issuance of a final Order in this action, including all infringing products and materials, and Defendant submit in writing, under oath, a description of all actions taken to comply with this portion of the Order.

C. That Defendant be required to pay to UTS such damages as UTS has sustained in consequence of Defendant's infringement of the Patents.

D. That, in the alternative, a reasonable royalty be awarded to UTS pursuant to 35 U.S.C. § 284.

E. That Defendant be ordered to account for and pay over to UTS all its respective gains, profits and advantages derived from the infringement of the Patents or such damages as to the Court shall appear proper within the patent laws.

F. That Defendant be ordered to pay UTS enhanced damages (*e.g.*, treble damages).

G. That Defendant be ordered to pay to UTS the costs of this action, prejudgment interest, and post-judgment interest.

H. That this case be found to be exceptional.

I. That Defendant be ordered to pay UTS' reasonable attorneys' fees, experts' fees, and costs.

J. That UTS be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/Eric B. Meyertons

Eric B. Meyertons
Texas State Bar No. 14004400
Dwayne K. Goetzel
Texas State Bar No. 08059500
Ryan T. Beard
Texas State Bar No. 24012264
MEYERTONS, HOOD, KIVLIN,
KOWERT & GOETZEL, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR PLAINTIFF BOARD OF REGENTS, THE UNIVERSITY OF TEXAS SYSTEM**